# THORP *v.* BONNIFIELD.

TRANSFERRED FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH
CIRCUIT.

No. 153.   Argued March 1, 1900.—Decided March 19, 1900.

When a defendant has, by his own action, reduced the judgment against
him by a voluntary settlement and payment below the amount which is
necessary in order to give this court jurisdiction to review it, the real
matter in dispute is only the balance still remaining due on the judgment,
and the right of review in this court is taken away.

The court, being satisfied that the amount in dispute in this case is less
than the amount required by statute to give it jurisdiction, orders the
writ dismissed for want of jurisdiction.

THE statement of the case will be found in the opinion of the
court.

*Mr. J. T. Ronald* for plaintiff in error.

*Mr. S. M. Stockslager* for defendants in error.   *Mr. George
C. Heard* was on his brief.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This case has been transferred from the United States Cir-
cuit Court of Appeals for the Ninth Circuit, under and by
virtue of an act of Congress, ( 30 St. 728,) providing for such
transfer.   The act is set forth in the margin.[1]

---

[1] That all cases, civil and criminal, filed on appeal from the District Court
of the United States for the District of Alaska, in the United States Cir-
cuit Court of Appeals for the Ninth Judicial Circuit, and pending on ap-
peal therein, on and prior to the thirtieth day of December, 1897, of which
the Supreme Court of the United States would have had jurisdiction under
the then existing law, if a proper appeal had been taken thereto at the
time said cases were filed on appeal in said Circuit Court of Appeals, be,
and the same are, deemed and treated as regularly filed on appeal in the
Supreme Court of the United States as of the date when filed in said Cir-

. By the terms of this act it is to operate only upon those cases of which this court would have had jurisdiction under the law existing at the time the case was taken to the Circuit Court of Appeals, if a proper appeal had been taken to this court at the time the case was filed in the Circuit Court of Appeals. If this act be valid therefore, we must inquire whether the case was one over which this court would have had jurisdiction if a proper appeal had been taken.

The case was commenced in the United States District Court for the District of Alaska in April, 1895, for the purpose of recovering moneys alleged to be due under the terms of a contract for the leasing of certain mining properties, situated in that district. The plaintiffs (defendants in error) demanded judgment for $7231.25, besides costs of the action. The defendant (plaintiff in error) demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and leave given to answer, which the defendant failed to do within the time granted, and judgment was entered by default for the amount claimed in the complaint, with costs.

The defendant then moved to vacate and set aside the judgment, and that motion was denied, and he sued out a writ of error from the United States Circuit Court of Appeals for the Ninth Circuit. The defendants in error moved to dismiss the writ on the ground that the Circuit Court of Appeals had no jurisdiction.

The Circuit Court of Appeals certified the question to this court for the purpose of receiving its instruction upon the question of jurisdiction. This court answered the question in the . negative, denying the jurisdiction of the Circuit Court of Ap-

cuit Court of Appeals. The clerk of said Circuit Court of Appeals is directed to transmit to the Supreme Court of the United States, as soon as practicable, the records of such cases, and the clerk of said Supreme Court is directed to receive and file the same for hearing and determination in the Supreme Court of the United States when regularly reached on the docket, subject to any rules made or to be made by said court which may be applicable.

Approved July 8, 1898.

peals. 168 U. S. 703. The mandate from this court was duly issued, and the Circuit Court of Appeals in conformity therewith dismissed the writ of error, and on January 4, 1898, it issued its mandate to that effect, directed to the District Court of the United States for the District of Alaska, which was filed in the office of the clerk of that court on February 3, 1898, and in obedience to that mandate the writ of error was duly dismissed by the District Court.

On March 29, 1898, an execution upon the original judgment was issued from the District Court, directed to the United States marshal of the district, under which certain property of the defendant was sold and a return made by the marshal to the court, and on June 14, 1898, the sale was duly confirmed by the District Court.

It thus appears that nearly a month before the passage of the act of July 8, 1898, (*supra*,) the judgment of the District Court of Alaska had been carried into effect, an execution issued, the property sold, a report made of the sale to the court, and that sale confirmed.

The defendants in error made a motion in this court to dismiss the writ for want of jurisdiction. That motion was postponed by the court until the hearing of the case upon its merits, and upon the argument thereof the motion to dismiss was renewed upon the ground (among others) that the act of Congress, if applicable to cases such as this, was unconstitutional and void.

A further ground for dismissal was set up because, as alleged, it appeared from the record that the amount in dispute between the parties was less than the sum necessary to give jurisdiction to this court. This ground necessitates the statement of a few additional facts, and if it be well founded, it relieves us from a discussion of the constitutional question.

After the demurrer of the defendant to the plaintiffs' complaint had been overruled and leave given to answer, and the defendant made default, judgment was entered for the amount of the plaintiffs' claim. This was on January 25, 1896. By the complaint it appears that under the lease of the mine by the plaintiffs to the defendant Thorp, the latter agreed to mine, work and operate the premises, and after making certain payments,

etc., he was to retain for himself seven-sixteenths of the profits or net proceeds arising from the operation of the mine, and was to pay to the plaintiffs the remaining nine-sixteenths in the proportion of seven-sixteenths to the plaintiff Bonnifield and two-sixteenths to the plaintiff Heid.

Immediately after the entry of the judgment it appears by the affidavits in the case, presented for the purpose of setting the judgment aside, that the defendant and the plaintiff Bonnifield entered into negotiations in regard to the judgment, and Bonnifield became satisfied that it had been entered for more than was equitably due from the defendant, and accordingly upon the payment of a certain sum to him (much less than by the face of the judgment appeared to be due him) Bonnifield " made a complete settlement of all his matters and differences with the defendant, and received a full and complete settlement and satisfaction for his interest in the judgment obtained in the case," and Bonnifield thereupon " executed a satisfaction of all his right, title and claim in and to said judgment, to wit, seven-eights thereof." This satisfaction was given the defendant on the 28th of January, who filed the same in the clerk's office on the 10th day of February, 1896. After he had filed the satisfaction, and on the same day, the defendant filed his petition for a writ of error to the United States Circuit Court of Appeals for the Ninth Circuit.

The judgment in the case continued to stand on the face of the record at its original sum, $7231.25 recovery, and $33.55 costs. By the defendant's voluntary settlement with and payment to Bonnifield, one of the plaintiffs, the balance remaining unpaid was less than the amount necessary to give this court jurisdiction.

The plaintiff in error cites various cases to maintain the proposition that when the defendant in the case below brings it here for review the amount of the judgment or decree against him governs our jurisdiction, and, as in this case, the judgment is for more than seven thousand dollars, he maintains that this court has jurisdiction notwithstanding the payment and settlement above mentioned.

But those cases have no application when the defendant by his

own action has reduced the judgment by a voluntary settlement and payment below the amount which is necessary in order to give this court jurisdiction to review it. The real matter in dispute is in such case the balance still remaining due on the judgment. Otherwise he might voluntarily settle the controversy and pay the whole judgment, and then seek to review it. In this case it appears there was a "full, final and complete settlement of all matters and differences" between the defendant and plaintiff Bonnifield, and the latter then executed "a full and complete satisfaction of all his rights, title and claim in and to said judgment." And this was procured by the defendant's own voluntary act. Clearly there was no matter in dispute relative to that judgment after such voluntary settlement and payment beyond the sum remaining due thereon. Thus an event has intervened subsequently to the entry of the judgment, and one which owes its existence to the act of the defendant himself, which has taken away his right of review in this court. It is a compromise or settlement, *pro tanto*, between the parties; or it is like a case where, pending a suit concerning the validity of the assessment of a tax, the tax is paid; or the amount of the tax has been tendered and deposited in a bank which by statute had the same effect as actual payment and receipt of the money. *Dakota County* v. *Glidden*, 113 U. S. 222; *Little* v. *Bowers*, 134 U. S. 547; *California* v. *Railroad Company*, 149 U. S. 308. In such cases the writs of error will be dismissed.

The facts as to the settlement and payment appear here in the record, although they may be shown by other evidence, as the above cases hold.

It is urged that the plaintiff Bonnifield had no right under the circumstances to make the settlement and to satisfy the judgment to the extent which he did. But this does not answer the objection. As matter of fact he and the defendant had a full settlement, and he did satisfy the judgment at the request of the latter, and both defendants in error now join in a motion to dismiss, predicated upon that settlement and payment, and they both thus ratify the same and acknowledge its sufficiency. The plaintiff in error is in no position to deny the validity of the settlement and payment made at his own re-

quest and by himself, when its sufficiency is acknowledged by the other parties.

Being satisfied that the amount in dispute in this case is less than the amount required by statute to give us jurisdiction, and without expressing any opinion upon the other ground for the motion,

*The writ must be dismissed for the want of jurisdiction, and it is so ordered.*