SULLIVAN v. POSTAL TEL. CABLE CO. et al. (two cases).

(Circuit Court of Appeals, Seventh Circuit. May 14, 1903.)

Nos. 961, 972.

1. APPEAL FROM INTERLOCUTORY ORDER—DISMISSAL—ENTRY OF FINAL DECREE.
  An appeal from an interlocutory order granting an injunction will not be considered after a final decree has been entered in the cause, and the question of costs is the only one involved.

2. EXCHANGES—MARKET QUOTATIONS—RIGHT TO IMPOSE CONDITIONS ON PERSONS RECEIVING.
  A board of trade and telegraph companies transmitting and selling the quotations from its exchange have the right to make reasonable regula-

tions for the conduct of the business, and a regulation requiring all customers, as a condition to being furnished with quotations, to sign an agreement that they will not use the same in conducting a bucket shop, is reasonable, and may be enforced.

Appeals from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

C. Stuart Beattie, for appellant.

H. S. Robbins, for appellees.

Before GROSSCUP and BAKER, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM. These two causes were argued and submitted together. The first is an appeal from an order granting a temporary injunction, and the second from a final decree for a perpetual injunction against the appellant's using the quotations of the Chicago Board of Trade, distributed by the appellees under contracts with the board.

In the first case the appeal is dismissed. The interlocutory decree became functus officio upon the entering of the final decree. An appeal will not be entertained simply to determine a question of costs, when the question at issue has become moot.

The decree in the second case is affirmed upon the authority of National Telegraph News Company v. Western Union Telegraph Company (C. C. A.) 119 Fed. 294, and Illinois Commission Company v. Cleveland Telegraph Company (C. C. A.) 119 Fed. 301. The bill in this case is substantially a copy of the bill in Illinois Commission Company v. Cleveland Telegraph Company, supra; and the evidence establishes that the appellant was engaged in purloining the quotations and was threatening to continue and asserting his right to continue. The answer sets up, as a justification or an excuse, that the appellant had offered to pay the same charges that were made to other patrons of the Board of Trade and telegraph companies, and to comply with all regulations that the appellees might lawfully exact. The bill, however, shows that the board and telegraph companies had established, as a regulation for the conduct of the business of supplying quotations, a rule that all applicants should sign an agreement in which they covenanted, among other things, not to engage in bucket-shopping. The appellant has failed to comply or to offer to comply with that regulation, and challenges the right of the appellees and the Board of Trade to require compliance with such a rule. Without deciding, but merely assuming arguendo, as was done in Illinois Commission Company v. Cleveland Telegraph Company, that the property right of the Board of Trade is impressed with a public use, and that the board and the appellees, as agencies through which the quotations are distributed, must serve without discrimination all who apply, there yet remains the right of the board and the appellees to establish reasonable regulations for the conduct of the business. And so the only question is whether or not it is a reasonable regulation to require the applicants to sign the contract referred to. In the Illinois Commission Company Case we held that this was a reasonable requirement.