## PRINCETON COAL & MINING COMPANY ET AL.
### *v.* GILMORE.

[No. 20,907. Filed January 29, 1908. Rehearing denied May 1, 1908.]

1. APPEAL.—*From Appellate Court.—Effect.*—An appeal, under subd. 3, §1394 Burns 1908, Acts 1901, p. 565, §10, from the Appellate to the Supreme Court, vacates the judgment of the Appellate Court. p. 367.

2. SAME.—*Satisfaction of Decree Appealed From.—Dismissal.—Corporations.—Stockholders.*—Where stockholders, on behalf of the corporation, recover on its behalf a decree against certain debtors of such corporation, and they appeal, a satisfaction and release of such decree ordered by a unanimous vote of the stock-

holders and of the board of directors, after the taking of such appeal, requires, on appellants' motion, a dismissal of such appeal. p. 368.

3. APPEAL.—*By Defendant After Payment of Decree.*—A defendant may appeal from a decree, although he has paid same. p. 369.

4. SAME.—*Moot Questions.*—Where the controversy giving rise to an appeal has been settled, the appeal presents only a moot question, and will be dismissed. p. 369.

From Pike Circuit Court; *E. A. Ely,* Judge.

Suit by Steele F. Gilmore against the Princeton Coal & Mining Company and others. From a decree for plaintiff, defendants appeal. Appealed from Appellate Court under subd. 3, §1394 Burns 1908, Acts 1901, p. 565, §10. *Appeal dismissed.*

*Barrett & Barrett, Lew Wallace, J. E. McCullough, Fields & Harmon* and *Elliott & Elliott,* for appellants.

*Alexander Gilchrist, John H. Miller* and *Lucius C. Embree,* for appellee.

MONKS, C. J.—This suit was brought by appellee, a stockholder, for the benefit of the Princeton Coal & Mining Company, a corporation alleged to be under the control of its enemies, who refused to sue upon the cause of action alleged in the complaint. The complaint set out, among other things, facts connected with the organization of said corporation, and alleged that appellants Ogle and Hubbard, stockholders and directors of said corporation, were indebted to said corporation in a large sum with interest.

A general denial was filed; trial by the court; special finding of facts requested and made; conclusions of law stated, and decree entered against appellant Ogle for $9,362.50, and against appellant Hubbard for a like amount.

Ogle and Hubbard appealed said cause to the Appellate Court, where the decree of the court below was affirmed. They then appealed said cause to this court under the third subdivision of §1394 Burns 1908, Acts 1901, p. 565, §10. By this appeal the judgment of the Appel-

late Court was vacated. §1401 Burns 1908, Acts 1901, p. 565, §17.

It appears from the record, and from affidavits and a copy of the records and proceedings of said Princeton Coal & Mining Company filed in this court, that at a special

2. meeting of the stockholders of said Princeton Coal & Mining Company, held after said appeal to this court, a resolution was unanimously adopted which declared that said decrees of the Pike Circuit Court in this case against appellants Ogle and Hubbard were "canceled, released and discharged," and authorizing the board of directors of said corporation to cause said "decrees to be fully released, canceled and discharged of record in any office or place where entered," and that said release "when entered shall be a final release and discharge of any and all claims against said Ogle and Hubbard." At the time of the adoption of said resolution there were seven stockholders in said corporation, two of whom, said appellants Ogle and Hubbard, owned and voted 1,000 shares of the 1,150 shares of the capital stock which had been issued and were outstanding. All of said 1,150 shares were voted in favor of said resolution. On the same day the board of directors met (all members being present), and by unanimous vote adopted a resolution appointing an attorney in fact for said corporation, and authorizing and empowering him to enter in the proper records a full release and satisfaction of said decrees against said Ogle and Hubbard, each of whom was a director of said corporation, and voted with the other directors in favor of the adoption of said resolution. Said attorney in fact, afterwards, by virtue of said authority, in the name of said corporation, released and satisfied said decrees in the records where the same were entered. It is urged upon these facts that this appeal should be dismissed.

It is true, as insisted by appellants, that the mere payment of a judgment by a defendant does not prevent him

from appealing to the proper appellate tribunal.

3. *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497, 498, 499, and authorities cited; *Belton* v. *Smith* (1873), 45 Ind. 291; Elliott, App. Proc., §§151, 152; Ewbank's Manual, p. 163. It is not claimed, however, that said decrees have actually been paid. It is evident that by said proceedings, participated in by appellants Ogle and Hubbard as stockholders and directors of said corporation, it was intended by all the stockholders and directors of said corporation to release and discharge said decrees against said Ogle and Hubbard, not because they had paid the same, but to settle and put an end to said controversy and litigation.

It is clear, therefore, that there is no longer any controversy between said appellants Ogle and Hubbard, on the one side, and said corporation and its stockholders, on the other. There is nothing in dispute between said parties—no actual controversy to be adjudicated. If we should affirm the decrees of the Pike Circuit Court, we should adjudge that said appellants Ogle and Hubbard each pay a decree that has been satisfied; if, on the other hand we should reverse the decrees, no substantial benefit would accrue to them, for they have already been released from said decrees so far as said corporation and its stockholders are concerned. *Monnett* v. *Hemphill* (1887), 110 Ind. 299, 300.

It is settled that when it is shown that the litigation or controversy has been ended or settled, or in some manner disposed of so far as the parties are concerned, or has

4. ceased to be between parties having adverse interests, the appeal will be dismissed as presenting only a moot question. *Monnett* v. *Hemphill, supra; Chicago, etc., Co.* v. *Lewis* (1901), 156 Ind. 232; *Schrader* v. *State, ex rel.* (1901), 157 Ind. 341; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302, 313, and cases cited; *Manlove* v. *State* (1899), 153 Ind. 80; *Rowe* v. *Bateman* (1899), 153 Ind. 633, and cases cited; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317;

*Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71, and cases cited; *Ewing* v. *Ewing* (1903), 161 Ind. 484, and cases cited; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 282, and authorities cited; *Wilson & Co.* v. *Russell* (1875), 40 Iowa 697; *Mills* v. *Green* (1895), 159 U. S. 651, 653, 16 Sup. Ct. 132, 40 L. Ed. 293; *Tennessee* v. *Condon* (1903), 189 U. S. 64, 23 Sup. Ct. 579, 47 L. Ed. 709; *Lord* v. *Veazie* (1850), 8 How. (U. S.) 250, 12 L. Ed. 1067; *Cleveland* v. *Chamberlain* (1861), 1 Black (U. S.) 419, 17 L. Ed. 93; *American Wood-Paper Co.* v. *Heft* (1869), 8 Wall. (U. S.) 333, 336, 19 L. Ed. 379; *Thorp* v. *Bonnifield* (1900), 177 U. S. 15, 18, 19, 20 Sup. Ct. 533, 44 L. Ed. 652; *Thompson-Houston, etc., Co.* v. *Nassau Electric R. Co.* (1903), 119 Fed. 354, 56 C. C. A. 96; *Sullivan* v. *Postal Tel. Cable Co.* (1903), 123 Fed. 411, 61 C. C. A. 1; 2 Cyc. Law and Proc., 533-535, 647, 648, 659; 2 Ency. Pl. and Pr., 341, 342.

What effect, if any, the release and discharge of said decrees may have as against the creditors of said corporation, or as against any person or persons, not parties to this appeal, if any, who claim any right or interest in or lien on said decrees or the proceeds thereof, we need not and do not determine.

The appeal is dismissed.