J. B. GOODALL AND SONS COMPANY *v.* WAGLER ET AL.

[No. 11,302.   Filed December 7, 1922.]

APPEAL.— *Dismissal.— Recognition of Validity of Judgment.—* Where, after the rendition of a judgment holding appellant's contract for the construction of school house invalid because of certain defects in the plans and specifications, appellant, after correction of such defects, made another contract with the same parties upon identically the same subject-matter, appellant thereby recognized the validity of the judgment and the appeal therefrom will be dismissed.

From Cass Circuit Court; *Paul M. Souder,* Judge.

Action by Franklin C. Wagler and others against J. B. Goodall and Sons company. From a judgment for plaintiffs, the defendant appeals. *Appeal dismissed.*

*Frank D. Butler* and *Rabb, Mahoney & Fesler,* for appellant.

*Russell J. Wildman, Tillett & Lawrence, George E. Ross* and *Kistler, Kistler & McHale,* for appellees.

NICHOLS, C. J.—This is an appeal from a judgment of the Cass Circuit Court holding a contract for the construction of a school house invalid because of certain defects in the plans and specifications, and in giving the notice of the letting of the contract.

It appears by appellees' verified motion to dismiss the appeal that, after the rendition of such judgment, appellees proceeded to correct the defects in the proceedings by making proper modification of the plans and specifications, and by giving a new and proper notice, as required by law, that bids would be received August 15, 1921. The building, the contract for the construction of which was so advertised was practically the same and identical building as appellants had contracted with appellees to construct in the year 1920, which contract was set aside by the judgment appealed from herein, and is to be constructed on the same and identical site and ground. Appellant responded to said notice, and submitted their bid in accordance with law for the construction of said building, which bid, being the lowest, was accepted, and appellee, trustee, by and with the consent of appellees' advisory board, entered into a written contract with appellant for the construction of such school building for the amount of its bid which was $39,950. Appellant executed such new contract and gave its bond for the faithful performance thereof. That said new contract entirely superseded the contract involved in this appeal. These facts are not controverted

by appellant. By entering into the new contract appellant thereby recognized the validity of the judgment herein involved, for if such judgment is invalid then the new contract must be without force. It is the general rule that when a party does any act by which he expressly or impliedly recognizes the validity of a judgment against him, such act operates as a waiver of any right to prosecute an appeal therefrom. *Ewing* v. *Ewing* (1903), 161 Ind. 484, 69 N. E. 156; *Thompson* v. *Midland, etc., Cement Co.* (1906), 37 Ind. App. 459, 77 N. E. 299; 3 C. J. 669.

The appeal is dismissed.