BUCK ET AL. *v.* K. G. SCHMIDT BREWING CO., INC. ET AL.

[No. 18,280. Filed May 16, 1952. Rehearing denied October 23, 1952. Transfer denied January 19, 1953.]

*David M. Cook, McHale, Patrick, Cook & Welch,* of Indianapolis and *Keith Campbell,* of Monticello, for appellants.

*Charles E. Yarlott, Myers & Molique, Hanna & Small* and *Hillis & Hillis,* all of Logansport and *Fansler, Fauvre, Young & Chambers,* of Indianapolis, for appellee.

BOWEN, C. J.—The various appellees have filed motions to dismiss this appeal. The subject-matter of this action involves the assets of the K. G. Schmidt Brewing Company, Inc., which passed to Francis J. Sebastian, receiver of said company, by reason of a judgment rendered in the Cass Circuit Court based upon involuntary dissolution proceedings.

The appellants, Richard G. Buck and Associates, first purchased said property at a sale of the corporate assets by the receiver under order of the court on August 6, 1951. This sale was set aside upon the petition of certain appellees as intervenors, and upon the filing of an offer to bid ten percent more than the prior sale supported by a bond under §17-111 Burns' Stat. Upon the filing of such intervenor's petition, bid, and bond, on August 15, 1951, the judge of the Cass Circuit Court, in vacation, set aside the first sale and ordered a resale. At the resale, in open competitive bidding, the appellants, Richard G. Buck and Associates, bid and paid $75,000 for the property, and on October 2, 1951, the Cass Circuit Court approved and confirmed the sale of the real estate and physical personal assets of said defunct corporation to the appellants, Richard G. Buck and Associates, for the sum of $75,000. Thereafter, the receiver, after having received the full amount of the purchase price of $75,000, executed and delivered

a Receiver's Deed and Bill of Sale vesting title and ownership in the appellant, Richard G. Buck.

Appellees assert in their motion to dismiss that, thereafter, appellants herein, Richard G. Buck and Associates, took possession of the brick building situated on the real estate in question and took possession and custody of all the personal property; that such appellants, after taking possession of the assets sold to them in said receivership proceedings, transferred to third parties certain items of the physical personal property involved in the proceedings; that in the process of removing the permanent fixtures located in the brick building on the real estate in question the appellants knocked out the bricks located on the northern portion of said building, leaving huge holes therein and causing irreparable damage to said building.

Appellees also assert that on October 3, 1951, the appellant, Richard G. Buck, transferred and sold the real estate which is the subject-matter of this appeal to Keith Campbell, Trustee, and said Keith Campbell, Trustee, transferred and sold such real estate to Richard G. Buck and Kate Buck, husband and wife, as tenants by the entireties.

The question we are called upon to determine, by reason of appellees' motion to dismiss, is whether appellants have waived their right to appeal from the action of the trial court overruling their motion for a new trial on the order setting aside the first sale, and whether by purchasing the property at the second sale any questions regarding the action of the court in setting aside the first sale have become moot.

The motion for a new trial and the errors assigned in this appeal question the proceedings had prior to September 13, 1951, and question the action of the

court in setting aside the first sale upon the appellees' objections by which appellants purchased the property for the sum of $37,250. The appellants have not questioned the court's action approving the second sale, and no motion for a new trial was filed as to the second sale. The question, as presented, is whether the appellants, by their action in purchasing the property at the second sale, under the circumstances shown by the record, and by committing the acts set forth herein, have acquiesced in the judgment appealed from.

It seems that the case of *J. B. Goodall & Sons Co.* v. *Wagler* (1922), 79 Ind. App. 104, 137 N. E. 191, is controlling on the issues presented by the appellees' motion to dismiss this appeal. This case which is based upon the general rule that when a party does any act by which he expressly or impliedly recognizes the validity of a judgment against him, such act operates as a waiver of any right to prosecute an appeal therefrom. In the Goodall case, there was an appeal from a judgment holding a contract for the construction of a schoolhouse invalid because of defects in plans, specifications, and in giving notice. Following this judgment, the appellees proceeded to correct the defects in the proceedings by making proper modifications in the plans and specifications and giving a new notice. Appellants who had held the original contract which was set aside by the judgment appealed from responded to the new notice and submitted another bid for the construction of such building and entered into a written contract for the construction of such schoolhouse under a later bid and executed a new contract and bond for the performance of such contract. The lower court dismissed the appeal of the appellant which questioned the judgment holding the first contract invalid, and held that by

entering into the new contract, appellant thereby recognized the validity of the prior judgment.

The reasoning of that case is particularly persuasive as to the facts presented in the present motion to dismiss. The acts of the appellants in this matter, by which there was acquiescence and acceptance of the benefits of the second sale, despite their objections to the first sale, can only be interpreted as their recognition of the validity of the court's action in setting aside the first sale and ordering the second sale. Had appellants questioned the action of the court with references to both sales a different question would have been presented. *Beard* v. *Hosier* (1915), 58 Ind. App. 14, 107 N. E. 558.

The appellants have obtained possession of the property in question, have disposed of a substantial part of it, and now seek, by this appeal, to have their title established by virtue of the first sale in which they purchased the same for $37,250. The appellants could very well have stayed the second sale by proper proceedings, and could have held this matter in status quo until the legality of the court's action in setting aside the first sale could have been ruled upon. Instead, they chose to receive benefits from the second sale.

A motion to dismiss is a proper procedure where subsequent events occur during appeal rendering the case on appeal a moot question. *Gavit's Indiana Pleading and Practice,* Vol. 2, Paragraph 507, pp. 2502, 2503.

Therefore, for the reasons given herein, the appellants have waived any rights to prosecute an appeal from the order setting aside the first sale, and the question herein has become moot. *Princeton Coal Co.* v.

222

*Gilmore* (1908), 170 Ind. 366, 83 N. E. 500; *Stauffer* v. *Salimonie Mining & Gas Co.* (1897), 147 Ind. 71, 43 N. E. 949; *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765; *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 70 N. E. 398; *Sonntag et al.* v. *Klee et al.* (1897), 148 Ind. 536, 47 N. E. 962; *Sterne* v. *Vert* (1886), 108 Ind. 232, 9 N. E. 127.

This appeal is dismissed.

Crumpacker, J., and Wiltrout, P. J., dissenting.

NOTE.—Reported in 105 N. E. 2d 823.