Ora Lee BELL, Plaintiff,

v.

Stephen O'HEARNE, Deputy Commissioner, Department of Labor, Bureau of Employees Compensation, Fifth Compensation District, Defendant.

No. 2890.

United States District Court
E. D. Virginia,
Norfolk Division.
Jan. 13, 1960.

Howell, Anninos & Daugherty, Henry E. Howell, Jr., Norfolk, Va., for plaintiff.

Joseph S. Bambacus, U. S. Atty., Richmond, Va., W. Farley Powers, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

The facts of this case reveal, in brief, that the plaintiff's son was a person engaged in employment which was protected by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 et seq., in the event of injury or death in the course of that employment. The son, Jarvis Bell, died by drowning while on his way to a job in the Elizabeth River, when he leaped from the launch, which was carrying him and other employees of his employer, to escape from an impending collision between his vessel and another. In accord-

ance with the requirements of the Act at that time, the decedent's personal representative elected to sue a third party. 33 U.S.C.A. § 933, amended by Act of August 18, 1959, 73 Stat. 391, to obviate a necessity for election.

In the action against the third party for the wrongful death of Jarvis Bell, it was held by this Court that the defendant in that case was liable for the death and a judgment in the sum of $6,500 was rendered. The defendant noted an appeal. Prior to the perfection of the appeal, the plaintiff agreed to accept $5,000 in satisfaction of the $6,500 judgment. The decedent's employer did not give written approval of his compromise between the parties in the above suit.

On December 17, 1957, the attorneys for the claimant, Ora Lee Bell, set the machinery in motion to obtain further benefits under the Act to cover the deficiency between the amount received under the third party wrongful death action, which was compromised, and the total amount of benefits to which claimants would have been entitled, had they not elected to sue the third party, under the Act.

Following several preliminary conferences between the parties and the Deputy Commissioner, and the filing of the claim by the claimant, Ora Lee Bell, a formal hearing was held before the Deputy Commissioner on November 6, 1958. In the answer filed by the insurance carrier in response to the claim, the carrier alleged only the defense of failure of dependency. However, at the November 6th hearing the carrier raised orally the defense of an unauthorized compromise. This was the first time such a defense was raised.

On December 17, 1958, the Deputy Commissioner entered his "Compensation Order—Rejection of Claim—Case No. 209–2", in which he recited the facts and held that the claim was rejected for the reason that the claimants had failed to receive the written authority of the employer or its insurance carrier to compromise as required by 33 U.S.C.A. § 933 (g).

In her complaint filed in this Court the plaintiff asks that the Deputy Commissioner's order be set aside and vacated and an injunction granted. The complaint states that the relief sought should be granted, so that plaintiff may receive the benefits of the Act because:

1. The discounting of the aforesaid judgment did not constitute a compromise within the contemplation of Title 33 U.S.C.A. § 933.

2. Under no circumstances could the plaintiff's right to a deficiency recovery against the insurance carrier be affected beyond the amount of the total judgment in the sum of $6,500.00.

3. The insurance carrier waived its right to raise the defense provided for by Title 33 U.S.C.A. § 933, by its failure to set forth same in its answer filed with the Deputy Commissioner.

4. The carrier is estopped from raising the aforesaid defense by reason of its failure to express or take any interest in the third party litigation, notwithstanding its knowledge that an appeal had been noted from the judgment of the district court.

The provisions of 33 U.S.C.A. § 933(g) in controversy are as follows:

"If a compromise with such third person is made by the person entitled to such compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (e) [1] of this section only if such compromise is made with his written approval."

1. Subdivision (e) is obviously a type error and should be (f). This change was made in the Act of August 18, 1959, 73 Stat. 391.

From the foregoing it is clear that, where a compromise has been effected with a third party, the employer is liable for a deficiency *"only if such compromise is made with his written approval"*. In this proceeding we have no evidence of such approval, either verbal or written.

■ We are aware of the fact that the entire Act constitutes humanitarian legislation which must be liberally construed but, as stated in Pillsbury v. United Engineering Co., 342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225:

" * * * that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all."

Nor does it give us the authority to say that the provisions regarding a written approval of compromise may be disregarded in a proceeding instituted to recover a deficiency. This is a matter of legislative power not to be disturbed by the judiciary.

■ The statute speaks only of a "compromise" without distinguishing between a compromise of a judgment, and a compromise effected prior to or during the course of a trial. Plaintiff now advances the theory that the action of discounting a judgment while the case was on appeal does not constitute a "compromise" within the meaning of the statute. This argument is answered in Dakota County v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981, in which a judgment was compromised pending appeal and the Supreme Court held that there had been a valid compromise and settlement which, of necessity, included the judgment, and that such compromise *extinguished* the cause of action. To the same effect see: Board of Liquidation of the City Debt of New Orleans v. Louisville & Nashville R. Co., 109 U.S. 221, 223, 3 S.Ct. 144, 27 L.Ed. 916, and Thorp v. Bonnifield, 177 U.S. 15, 19, 20 S.Ct. 533, 44 L.Ed. 652. The essence of the compromise is the extinguishment of the cause of action and, in this case, the judgment is merely a part of the whole.

No matter what label may be affixed to the acceptance of $5,000.00 in full settlement of the judgment in the sum of $6500.00, it clearly represents a "compromise" within the meaning of 33 U.S. C.A. § 933(g).

■ But, plaintiff states, her right to a deficiency recovery against the carrier may be affected to the extent of $1,500— the reduced amount accepted in satisfaction of the judgment—but not beyond that sum. Under the statute is such a compromise only a bar *pro tanto* or a complete bar? The short answer to this contention is the wording of the statute wherein it is said that, as a prerequisite to recovering *any* deficiency, the employer's written approval of the compromise must be obtained. The power of judicial review is limited to a determination of whether the compensation order is in accordance with the law. Associated Indemnity Corporation v. Marshall, 9 Cir., 71 F.2d 235. The statute makes no provision for a partial discharge of the employer's liability in the event of a compromise of a third party claim without the employer's written approval. It is a complete bar. Obviously Congress intended that the employer should have some say in determining the wisdom of a compromise by a claimant in a third party action. It operates as a safeguard against compromises which are ill-advised in instances where the employee elects to proceed in his own right against the third party.

Plaintiff seeks comfort in the language of Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 334, 80 L.Ed. 370, wherein the Supreme Court suggests that the surety must be prejudiced in its right of subrogation. Overlooked, however, are the words used in limiting this rule to instances not affected by compromise. As the court said:

"Section 33(a) only provides for release of the employer's liability for compensation when the claim against the third party is compromised without the employer's consent. In other respects, his rights

and liabilities, so far as he is in the position of a surety or indemnitor, are governed, as the court below held, by the general principles of suretyship."

Indeed, the Chapman case is abundant authority to support the defendant's view here presented.

The entire question is adequately considered in an almost identical set of facts in Marlin v. Cardillo, 68 App.D.C. 201, 95 F.2d 112, 115. As Judge Groner pointed out in discussing the effect of a compromise without the employer's written approval:

"A showing of damage—or of the absence of it—is beside the point in such a case. Petitioner, having compromised and settled her claim against the third party without the approval of the employer or carrier, is not now in a position to demand anything more—if for no other reason—because the statute clearly says so."

 Equally without merit are plaintiff's contentions that the insurance carrier waived the defense of unauthorized compromise by its failure to set forth said defense in its answer, and that the carrier is estopped from raising the defense by its failure to take any interest in the third party litigation. There is no provision in the statute requiring the filing of an answer or, if an answer is filed, that all defenses be included therein. At the hearing before the Deputy Commissioner plaintiff did not insist upon an amendment of the answer, and did not avail herself of the right of a continuance as provided by 20 C.F.R. § 31.10. The theory of estoppel is wholly untenable. It is fundamental that, in a third party action where the employee or dependent has elected to proceed, neither the employer nor its carrier has any duty with respect to the conduct of such action. The Act contemplates that, where a third party action election is made, the employee or dependent is in sole control of the litigation. Indeed, this is one of the pur-

poses of the requirement of written approval of a compromise as a prerequisite to recovering any deficiency. Plaintiff's reliance upon Metropolitan Casualty Ins. Co. v. Hoage, 67 App.D.C. 54, 89 F.2d 798, avails her not as the carrier's defense was never raised in the administrative proceeding in any manner and, furthermore, the carrier's agent had been the prime mover in obtaining a settlement of the third party action. Such facts are entirely unlike those presented in the case at bar.

An order will be entered sustaining defendant's motion for summary judgment and dismissing the complaint. Present order within twenty (20) days.