STRATTON, ETC. ET AL. *v.* JARVIS D/B/A JARVIS CONSTRUCTION COMPANY.

[No. 19,323. Filed September 21, 1961.]

*Wilbur F. Dassel,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

KELLEY, J.—The trial court, after a hearing on the issues presented by appellee's complaint, entered its findings of fact, stated its conclusion of law thereon, and decreed a temporary injunction, enjoining and restraining the appellants from certain particularized actions and activities relating to alleged interference and obstruction of certain construction work then being performed by appellee and its employees.

Appellants brought up this appeal from said decree assigning as the sole error that the court "erred in granting a temporary injunction" against them.

After the cause was fully briefed, the appellee filed on May 29, 1961, a verified motion to dismiss this appeal on the alleged ground that the question presented by said assignment of error has become moot, in that after the issuance of said temporary injunction appellants ceased the enjoined actions and appellee thereafter, on January 21, 1960, completed the performance of his said construction work and the causes for the issuance of said temporary injunction no longer exist.

Appellee has made due proof of the service on appellants' counsel of a copy of appellee's said motion to dismiss this appeal and, also, a copy of his brief in support thereof. Appellants have not controverted nor made any objection or opposition to appellee's said motion to dismiss their appeal. The allegations of appellee's said verified motion to dismiss this appeal were of such nature, we think, as to cast

upon appellants the duty, as an aid to this court, of responding thereto if any of said allegations were deemed by appellants to be untrue or to warrant explanation. It follows, therefore, in the absence of any objection, response, or opposition thereto by appellants, that the latters' non-action is tantamount to their consent that this appeal should be dismissed.

It appears from the record herein that events subsequent to the appeal of this case and the briefing thereof have caused the question involved herein to become moot. In such circumstances, a motion to dismiss is proper. *Buck* v. *K. G. Schmidt Brewing Co.* (1952), 123 Ind. App. 217, 105 N. E. 2d 823. We do not find that the question sought to be presented involves any matter of great public interest or that the same affects the public generally. And it now appears that there is no longer any actual justiciable controversy between these parties. Appellee's work has been completed and the temporary injunction enjoining appellants interference therewith has fully served its function. Any order, decision or opinion we could or might now make or render would be futile and incapable of any derivative benefit to either party.

This appeal is dismissed.

Pfaff, C. J., Bierly, Gonas, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 42.