Filed April 6, 1887.

---

No. 11,931.

## MONNETT v. HEMPHILL ET AL.

APPEAL.—*Satisfaction of Judgment Appealed from.*—*Dismissal.*—*Cost of Transcript.*—*Recovery.*—Where, before an appeal is perfected, but after the transcript has been prepared, the judgment is entered as fully satisfied, no appeal will lie, and if taken it will be dismissed; but the expense incurred for the transcript may be recovered in an action for that purpose.

From the Jasper Circuit Court.

*M. F. Chilcote* and *F. W. Babcock*, for appellant.

*S. P. Thompson*, for appellees.

ELLIOTT, C. J.—After the final judgment in this case, and after the transcript of the record for appeal to this court had been prepared and certified, the appellees entered upon the order-book the following: "The above judgment is hereby receipted in full, and no further proceedings will be taken under this order after this date." This entry also appears: "The petitioners in the above entitled cause, on this 1st day

of October, 1884, before this appeal is completed, and before the time for filing bills of exceptions expired, do hereby dismiss this whole proceeding, and authorize the clerk to receipt all judgments for costs and assessments against the said Elmira Monnett, and on this day pay all costs taxed to date."

It thus appears that, prior to the time the appeal in this case was taken, the appellant was fully relieved and released from the judgment against her, so that there is no longer any actual controversy between the parties. Under these circumstances we think it clear that no appeal will lie.

If liability had actually been incurred for the expense of preparing and certifying the transcript prior to the time the judgment was entered satisfied, the appellant is entitled to be reimbursed. In the proper proceeding she can doubtless recover from the appellees the amount paid, or agreed to be paid, for the transcript; but, as the controversy has been ended by a satisfaction of the judgment, she can not maintain this appeal.

There is nothing in dispute except the judgment rendered against the appellant, and as that has been satisfied, there is no actual controversy to be adjudicated.

The entry of satisfaction having been acted upon by the appellees, they are estopped to take any benefit from the judgment, even though there was no money consideration for the release. It settled a dispute in a pending litigation, and this is such a consideration as will effectually conclude the appellees from attempting to enforce the judgment directly or indirectly.

It is evident that there is but one course for us to pursue, and that is to dismiss the appeal. If we should affirm the judgment, we should adjudge the appellant bound to pay a judgment that has been satisfied; if, on the other hand, we should reverse, no substantial benefit would accrue to her, for she is already relieved from the judgment.

Appeal dismissed.

Filed April 5, 1887.