## STATE, EX REL. CITY OF INDIANAPOLIS, *v.* INDIANAPOLIS GAS COMPANY.

[No. 19,690. Filed May 31, 1904.]

NATURAL GAS.—*Judicial Notice.*—*Mandamus.*—On mandamus to compel a gas company to sink wells in territory controlled by the company to obtain gas for heating purposes, the Supreme Court will take judicial notice of the matter of common knowledge that gas no longer exists in such territory sufficient for heating purposes. *p. 51.*

SAME.—*Dismissal of Appeal.*—When the question presented on appeal becomes of no practical importance, the appeal will be dismissed. *p. 51.*

SAME.—*Useless Act.*—A court will not compel a party to do a useless act. *p. 51.*

From Superior Court of Marion County (59,594); *John L. McMaster,* Judge.

Action by the State, on the relation of the city of Indianapolis, against the Indianapolis Gas Company. From a judgment sustaining a demurrer to the alternative writ the relator appeals. *Appeal dismissed.*

*John W. Kern, J. E. Bell* and *F. A. Joss*, for appellant.
*Ferdinand Winter* and *Clarence Winter*, for appellee.

JORDAN, C. J.—In November, 1899, the State, on the relation of the city of Indianapolis, instituted this action by petition, whereby it sought to obtain a writ of mandamus to coerce the defendant gas company to sink without delay twenty-five additional natural gas wells in the gas-producing territory controlled by said gas company. On filing the petition the lower court caused an alternative writ to issue, whereby the defendant gas company was ordered and commanded to proceed as follows: "Now therefore, you are hereby commanded to proceed without delay to sink twenty-five additional natural gas wells in the gas-producing territory possessed and controlled by you in the natural gas field of Indiana, and to lay an additional line of natural gas mains, not less than twelve inches in diameter, from such wells, and connected with the gas-producing wells you already own, to the city of Indianapolis, in such manner as to conduct the natural gas produced by you from said wells into your system of natural gas pipes and mains in said city, or, in default thereof, that you appear before said court at the court-house, in Indianapolis, on the 21st day of November, 1899, at 9 o'clock a. m., to show cause, if any you have, why the same should not be done; and have you then and there this writ." On the day fixed for the return the defendant appeared and demurred to the alternative writ on the grounds (1) that the relator, the city of Indianapolis, had not the legal capacity to sue; (2) that the writ did not state facts sufficient to constitute a cause of action. The demurrer was sustained to which the plaintiff excepted, and, on declining to plead further, judgment was rendered on demurrer.

The only error assigned and relied upon for reversal is the ruling of the court in sustaining the demurrer to the alternative writ.

The petition and alternative writ each alleges that appellant gas company accepted the provisions of an ordinance passed by the city of Indianapolis in 1887, whereby it acquired the right to use the streets of said city for the purpose of supplying the inhabitants thereof with natural gas as a fuel. It is further alleged, among other things, that appellee, up to the year 1896, furnished an adequate supply of natural gas to the people of said city; that since that time the population of the city has greatly increased, and therefore the consumers of natural gas have proportionately increased, but appellee has from that year forward failed and refused to provide a sufficient number of wells in order to supply natural gas to its patrons. It is alleged that it has natural gas within the territory under its control sufficient to furnish all of the people of the city entitled to its use, and that by sinking twenty-five additional wells, and by laying pipe-lines to connect the gas flowing therefrom with the gas-mains within the city, it can supply all of its consumers with natural gas in ample quantities for heating their dwellings.

Authorities are cited by counsel for appellant which, as they claim, sustain the right of the relator, under the facts, to compel appellee company to sink the wells in controversy. On the other hand, counsel for appellee refer us to numerous authorities in support of their contention that the facts set up in the alternative writ do not present a case which would warrant a court to interfere by mandate and coerce appellee to sink the twenty-five additional gas-wells, etc. It will be observed that the alternative writ commands appellee to sink twenty-five natural gas wells and to lay a twelve-inch main connecting these wells with appellee's distributing pipes within the city. This is the precise thing, or, as asserted, "the clear legal duty," which appellee, by the writ, is commanded to do, without any regard whatever to the exercise of any discretion. While the question as originally presented was important, nevertheless, under the

circumstances as they now exist, it will serve no useful purpose for this court to consider and determine it. It is a matter of general knowledge, hence a fact, and of which this court has judicial notice, that natural gas, within the territory or field in question as formerly controlled by appellee, no longer exists in quantities sufficient to furnish the inhabitants of the city of Indianapolis with fuel for heating purposes; consequently the sinking of additional wells in such territory, under the circumstances, would be useless. Certainly a court will not compel a party to perform a useless act.

From the changed condition of matters, as alleged to be when this action was instituted, and as they now actually exist, the question presented by this appeal is no longer a real one, but has become simply a moot or abstract proposition of law, the determination of which will be of no practicable importance. In such a case the rule generally enforced by the court is to dismiss the appeal. *Rowe* v. *Bateman* (1899), 153 Ind. 633, and cases cited; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302, and cases cited; *Chicago, etc., Co.* v. *Lewis* (1901), 156 Ind. 232; *Mutual, etc., Ins. Co.* v. *Simpson* (1901), *ante,* 10.

Appeal dismissed.