OGBORN *v.* CITY OF NEWCASTLE ET AL.

[No. 22,186.   Filed June 20, 1912.]

1. APPEAL.—*Determination of Controversy.—Dismissal.*—Where, in an action by a property owner to enjoin the performance of a contract for a street improvement, the contract and all proceedings with reference to the contract were rescinded by the city council, pending an appeal from a judgment for defendants, the controversy was thereby terminated, and required a dismissal of the appeal on motion showing such facts. p. 163.

2. APPEAL.—*Dismissal.—Moot Questions.*—The Supreme Court will not decide mere moot questions, but will dismiss the appeal when it is made to appear that no actual controversy is involved. p. 163.

3. COSTS.—*Appeal.—Dismissal.*—Where, by the action of the appellee, and without any act on the part of appellant, the subject-matter of the litigation is abandoned pending an appeal, so as to render a dismissal of the appeal necessary for the reason that it involves only a moot question, the appeal will be dismissed at the cost of appellee. p. 164.

From Henry Circuit Court; *James S. Engle,* Special Judge.

Action by Albert D. Ogborn against the City of Newcastle and another. From a judgment for defendants, the plaintiff appeals. *Dismissed.*

*Forkner & Forkner,* for appellant.
*Barnard & Jeffrey,* for appellees.

Cox, C. J.—Appellant and others, resident freeholders of a street over which appellee city, a city of the fifth class, had jurisdiction, filed with its common council a petition for the improvement of the roadway with a certain one of the kinds of modern city pavements. Thereupon the common council proceeded regularly under the statute, §1 of the act of 1909 (Acts 1909 p. 412), which is amendatory of §107 of the cities and towns act of 1905 (Acts 1905 p. 219, §8710 Burns 1908), and upon the receipt of bids for different kinds of modern pavements, including that petitioned for, entered a preliminary order to improve the street with another kind than that petitioned for. Thereafter, within the time provided by the section of the act named, appellant and others, constituting a majority of the freeholders residing on that part of the street to be improved, filed with the common council their petition, in proper form, requesting that the improvement be made with the kind of pavement they had originally petitioned for, and for which bids, among others, had been advertised for and received. The common council took no action on this petition, but subsequently readvertised for bids, and let the contract to appellee Garvey, for a kind of pavement other than that so petitioned for, and entered into a contract with him for the improvement, in direct violation of the provisions of the section. Within ten days thereafter, and before the actual commencement of the work under the contract, appellant instituted this suit to declare the contract void and enjoin appellees from carrying it out, and to compel appellee city to accept the bid for the kind of

pavement for which appellant and others, a majority of the resident owners, had petitioned.

From an adverse judgment, appellant brings this appeal, which was filed in this court March 27, 1912.

A motion to dismiss the appeal is presented by appellee city, and in support of it the city shows by affidavit and a certified copy of the proceedings of the common council, that by agreement between the appellees the contract for the improvement was canceled on April 1, 1912; and on that date "all resolutions, orders and actions of said city and said common council with reference to the said improvement" were "rescinded, annulled and set at naught" by the unanimous action of the common council.

It appears, therefore, that the subject-matter of the action has ceased to exist, leaving nothing but an abstract question of law involved in the appeal. On a reversal, no benefit could accrue to appellant, for the contract which he asks to be declared void no longer exists, and as the proceeding for the improvement has been annulled, he could not in any event be awarded the relief asked by mandatory injunction compelling the council to accept the bid, and let the contract for the kind of pavement for which he and others petitioned.

That this court will not decide mere moot questions, but will dismiss the appeal when it is made to appear that no actual controversy is involved, is well settled. *Wallace* v. *City of Indianapolis* (1872), 40 Ind. 287; *Monnett* v. *Hemphill* (1887), 110 Ind. 299, 11 N. E. 230; *Parker* v. *State, ex rel.* (1892), 132 Ind. 419, 31 N. E. 1114; *Beatty* v. *Coble* (1895), 142 Ind. 329, 41 N. E. 590; *Rowe* v. *Bateman* (1899), 153 Ind. 633, 54 N. E. 1065, 55 N. E. 754; *Chicago, etc., Co.* v. *Lewis* (1901), 156 Ind. 232, 59 N. E. 466; *State, ex rel.,* v. *Indianapolis Gas Co.* (1904), 163 Ind. 48, 71 N. E. 139; *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 83 N. E. 500.

Section 706 Burns 1908, §664 R. S. 1881, provides against

which party costs shall go, and to what extent on affirmance or reversal, and then provides that "in all other cases, costs shall be awarded as the court may deem right, following, as nearly as possible, the general regulation for awarding costs." In this appeal the appellant did nothing to render the question a moot one and his appeal fruitless of a decision of the question he sought to present. The joint action of the appellees, taken after appellant had incurred the trouble and expense of perfecting his appeal, eliminated the real controversy. It is but just and right, therefore, that they pay the costs of the appeal. *Monnett* v. *Hemphill* (1887), 110 Ind. 299, 11 N. E. 230.

The appeal is dismissed at the costs of appellees.

NOTE.—Reported in 98 N. E. 869. See, also, under (1) 3 Cyc. 188; (2) 2 Cyc. 533; (3) 11 Cyc. 210.