## CUSTER, ADMINISTRATOR, v. BEYER.

[No. 10,771.   Filed April 28, 1921.   Rehearing denied October 4, 1921.]

1. EXECUTORS AND ADMINISTRATORS.—*Claims Against Decedent's Estate.—Establishing Validity.—Verification.*—Although every claim filed against a decedent's estate must be verified by the affidavit of the claimant, such verification does not establish the validity of the claim, an allowance either by the administrator or by the court being necessary for that purpose.  p. 306.

2. EXECUTORS AND ADMINISTRATORS.—*Claims Against Decedent's Estate.— Allowance.— Conclusiveness.*— The allowance of a claim by the court or administrator is conclusive as against the personal property of a decedent, but it creates only a *prima facie* right as against his real estate.  p. 306.

3. EXECUTORS AND ADMINISTRATORS.— *Payment of Claims Against Decedent's Estate.—Exhaustion of Personalty.—Sale of Real Estate.*—The personal estate of a decedent must be exhausted before the administrator may resort to the real estate for the payment of debts, and it is only when an administrator has discovered that the personal estate is insufficient to satisfy the debts that he may file his petition to sell real estate for that purpose.  p. 306.

4. EXECUTORS AND ADMINISTRATORS.— *Payment of Claims Against · Decedent's Estate.—Petition to Sell Real Estate.— Requisites.—Statutes.*—Under §2854 Burns 1914, §2338 R. S. 1881, an administrator's petition to sell decedent's real estate to pay debts must set forth the amount of the claims filed and allowed against the estate and the amount of claims filed and pending.  p. 306.

5. EXECUTORS AND ADMINISTRATORS.—*Claims Against Decedent's Estate.—Duty of Administrator.—Statute.*—Under §2837 Burns 1914, Acts 1903 p. 430, it is the duty of the administrator to investigate claims filed against his decedent's estate and to determine whether they shall be allowed or contested.  p. 306.

6. EXECUTORS AND ADMINISTRATORS.— *Payment of Claims Against Decedent's Estate.—Sale of Real Estate.—Right to Order of Sale.*—Until some claims against a decedent's estate have been allowed by the administrator or by the court, thereby establishing at least their *prima facie* validity, the administrator is not entitled to an order to sell decedent's real estate to pay debts.  p. 306.

7. EXECUTORS AND ADMINISTRATORS.—*Sale of Real Estate to Pay Debts.—Validity of Claims.—Right of Holder of Legal Title of Realty to Challenge.*—In a proceeding by an adminis-

trator to sell realty claimed to have been fraudulently conveyed by his decedent, the holder of the legal title to the realty may contest the validity of the claims against the estate, even though they have been previously allowed. p. 307.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Chauncy M. Custer, Administrator of the estate of Jacob A. Beyer, deceased, against Mary M. Beyer. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank V. Guthrie* and *McConnell, Jenkines and Jenkines,* for appellant.

*George A. Custer, Fickle and Fickle,* and *F. Wilson Armabal,* for appellee.

One Jacob A. Beyer died intestate May 16, 1916, and left surviving his widow, Mary M. Beyer, and his father and mother, but no child. His mother died before this proceeding was instituted. On May 23, 1916, the Citizens Loan and Trust Company was duly appointed and qualified as administrator of his estate. In due course, the administrator filed its report in final settlement, disclosing that the only assets of the estate consisted of a small stock of drygoods and notions, from which the sum of $483.40 was realized; that the total amount of all claims filed was $3,567.56; that the estate was duly settled as an insolvent estate; that the costs and expenses of administration were paid in full; that 68.88 per cent. of the amount of each preferred claim was paid; and that all notices required by law were duly given. The final report was approved by the court, the administrator discharged, and the estate adjudged fully and finally settled.

Afterward, pursuant to §2757 Burns 1914, Acts 1891 p. 107, Chauncy M. Custer was appointed administrator *de bonis non* of the same decedent. On May 6, 1919, the administrator *de bonis non* filed a document denominated "Petition to Sell Real Estate." In this petition

the decedent's widow, Mary M. Beyer, and the decedent's father Theodore Beyer were made defendants. The averments of the petition, which are necessary to an understanding of the matter, are as follows:

"That no personal property belonging to the estate has come to the knowledge of the petitioner; that there are claims on file in the Clerk's office in the aggregate sum of $3500; that in the opinion of the petitioner $4000 will be required to pay the debts and costs of administration; that for many years prior to November 29, 1915, Jacob A. Beyer was the owner in fee simple of certain real estate in the City of Logansport, of the value of $5000; that on Nov. 29, 1915, with intent to cheat, hinder and delay his creditors, including said claimants, he conveyed his real estate to a trustee, in which conveyance his wife joined, and that the trustee, concurrently therewith, conveyed the real estate to Jacob A. Beyer and wife as tenants by the entireties; that there was no actual consideration for said conveyances; and that at the time of the conveyances, Jacob A. Beyer did not have other property subject to execution sufficient to pay his debts. Wherefore, the petitioner prays that the cloud created by the conveyances be removed; that the title be quieted; and for an order to sell the real estate to pay the debts."

Theodore Beyer filed answer admitting that the material allegations of the petition are true. The widow filed answer. The court made a general finding against the administrator *de bonis non* and in favor of the widow, Mary M. Beyer, and rendered judgment that the administrator *de bonis non* take nothing by his "complaint," and that Mary M. Beyer recover her costs. The alleged errors presented are: (1) Overruling the demurrer to the second paragraph of answer, and (2) overruling the motion for a new trial.

DAUSMAN, P. J.—While every claim filed against a decedent's estate must be verified by the affidavit of the claimant, his agent or attorney, yet that *ex parte* verification does not establish the validity of the claim. Something more is required. A claim must be allowed either by the administrator or by the court, in order to establish its validity. The allowance of a claim is conclusive as against the personal property of a decedent, but it creates only a *prima facie* right as against his real estate. *Cole* v. *Lafontaine* (1882), 84 Ind. 446; *Jackson* v. *Weaver* (1884), 98 Ind. 307. The law requires that the personal estate of a decedent shall be exhausted before the administrator may resort to the real estate for the payment of debts. It is only when an administrator has discovered that the personal estate is insufficient to satisfy the debts that he may file his petition to sell real estate for that purpose. The statute prescribes the essentials of a petition to sell real estate for the purpose of paying the indebtedness of the decedent. In addition to other averments, it is imperative that the petition shall set forth "the amount of the claims filed and allowed against the estate" and "the amount of claims filed and pending against the estate." §2854 Burns 1914, §2338 R. S. 1881. It should be noted that the only averment of the petition with respect to the claims is "that there are claims on file in the Clerk's office in the aggregate sum of $3500." There is no averment that the claims, or any of them, were allowed. At the trial the appellant introduced a page of a claim and allowance docket which shows the filing of claims in the first administration, but does not show that any of them were allowed. When claims have been filed, it becomes the duty of the administrator to investigate them and then to take upon himself the responsibil-

ity of allowing or contesting them. §2837 Burns 1914, §2319 R. S. 1881. Until some claims have been allowed by him or by the court, thereby establishing at least their *prima facie* validity, he is not entitled to an order to sell real estate. *Scherer* v. *Ingerman, Admr.* (1887), 110 Ind. 428, 11 N. E. 8, 12 N. E. 304; *Renner* v. *Ross* (1887), 111 Ind. 269, 12 N. E. 508; *Mackey* v. *Ballou* (1887), 112 Ind. 198, 13 N. E. 715; *O'Haleran* v. *O'Haleran* (1888), 115 Ind. 493, 17 N. E. 917; *Smith* v. *Gorham* (1889), 119 Ind. 436, 21 N. E. 1096; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569.

The second paragraph of appellee's answer is a plea of payment. In a proceeding to sell real estate the holder of the legal title may contest the validity

7. of the claims, even though they have been previously allowed. *Cole* v. *Lafontaine, supra; Scherer* v. *Ingerman, supra; Dick* v. *Dumbauld* (1894), 10 Ind. App. 508, 38 N. E. 78. The court did not err in overruling the demurrer to that paragraph of answer.

When the conveyances involved herein were executed, Jacob A. Beyer and his wife were not living together. She had left him some four years prior thereto. During that time she supported herself, and had an action for divorce pending against her husband. At the time the conveyances were executed he was in poor health and the conveyances were made for the purpose of adjusting the family trouble and bringing about a dismissal of the action for divorce. Accordingly Jacob and his wife executed a warranty deed to Theodore as trustee. Theodore and his wife reconveyed the real estate by deed of general warranty to Jacob and his wife as tenants by the entireties. Theodore has an alleged claim against the estate in the principal sum of $2,000, which was in existence at the

time of the conveyances. He has also another alleged claim, certain items of which may have been in existence at the time of the conveyances. The appointment of the administrator *de bonis non* and the prosecution of this proceeding undoubtedly were prompted by the desire to collect Theodore's claims. Whether the conveyances, including the warranty deed executed by Theodore and his wife, were fraudulent as against him, was a question to be determined in the light of the evidence; and in view of the evidence adduced we cannot disturb the decision of the trial court.

This proceeding suggests some questions of vital importance which have not been presented by counsel and which therefore have not been considered in this opinion.

Judgment affirmed.

Nichols, J., dissents.