SIPE ET AL. *v.* UNION BANK & TRUST COMPANY, ET AL.

[No. 16,440. Filed October 14, 1940. Rehearing denied December 3, 1940. Transfer denied January 8, 1941.]

*Cartwright, Wason & Ives,* of Delphi; *Harry V. Forehand, of Kokomo;* and *Ryan & Ryan,* of Frankfort, for appellants.

*Jessup & Stroke* and *Wills & Cripe,* all of Kokomo; *Rhodes & Rhodes,* of Peru; and *Edward P. Fillion,* of Indianapolis, for appellees.

BRIDWELL, C. J.—Appellee Union Bank and Trust Company, Kokomo, Indiana, as administrator of the

estate of George W. Sipe, deceased, pursuant to an order of the Howard Circuit Court, sold to others of the named appellees certain real estate owned by the deceased George W. Sipe at the time of his death. After such sales had been reported to and confirmed by the court, and deeds of conveyance to the respective purchasers of different tracts of said real estate had been approved by the court and delivered to the grantees named therein, these appellants, the widow and son of said George W. Sipe, filed in the cause brought by said administrator to sell such real estate their petition to set aside the sales so made. All appellees (except the Reserve Loan Life Insurance Company, Indianapolis, Indiana) were made parties defendant to said petition and duly served with summons. Thereafter, on application of appellants, the venue of said cause was changed to the Carroll Circuit Court. A second amended petition was filed, and three separate demurrers were filed thereto. Each demurrer averred that said petition does not state facts sufficient to constitute a cause of action against the party or parties filing the demurrer. These demurrers were each sustained, and appellants duly excepted to each of said rulings. Appellants thereafter, on a date fixed by the court for further proceedings, elected to stand upon their second amended petition, and refused to plead further. Whereupon the court rendered judgment against them that they "each and both take nothing by their petition," and that appellees recover costs. This appeal followed. The actions of the court in sustaining each of the separate demurrers heretofore mentioned, and in rendering judgment against the appellants and each of them on their refusal to plead further are assigned as errors.

In their petition appellants allege the following material facts: "That on or about the 1st day of February,

1934, the said Union Bank & Trust Company, as administrator of the estate of George W. Sipe, deceased, filed in the Howard Circuit Court of Howard County, Indiana, its amended petition to sell the following described real estate situate in Howard County, Indiana, and owned by said decedent at the time of his decease, for the purpose of making assets for the payment of the debts and liabilities of said estate, to-wit:" (here follows the description of the real estate in question, it being described by tracts numbered from one to six, inclusive.) The petition then alleges that the deceased George W. Sipe left surviving him as his sole and only heirs at law, his widow (appellant Ada B. Sipe) and his son (appellant Earl Sipe) and that the heirs and the creditors of said estate were the only persons interested in said real estate; that in the petition to sell said real estate the Union Bank and Trust Company, as administrator of said estate was the sole plaintiff, and the Reserve Loan Life Insurance Company, and appellants, the petitioners, were the sole defendants. It is then averred "that such proceedings were had on said petition that . . . said court made and entered its order and decree herein by which it found that the personal assets of said estate were insufficient to pay and discharge the debts and liabilities thereof, and that the real estate described in said petition was liable to be made assets in the hands of said administrator to pay such indebtedness, and that there was a mortgage in said petition mentioned as owned by said Reserve Loan Life Insurance Company which was a valid and subsisting lien on Tract No. 3 described in said petition to sell, with priority over all other liens, save taxes unpaid and accrued at decedent's death, and that there was then due on said mortgage the principal sum of

$6,000.00, with interest thereon at 7% from January 25, 1934; that the court further found that to make assets for the payment of the debts and liabilities of said estate, it would be necessary to sell the whole of said real estate, including the widow's 1/5 interest, and that the material allegations contained in the petition of said administrator to sell were true as therein stated, and said court then and there made and entered its judgment and order that said real estate above described be sold by said administrator at public auction, for not less than two-thirds of the full appraised value thereof, and on the following terms and conditions, to-wit: 1/3 cash in hand, 1/3 in nine months, and 1/3 in eighteen months from the date of sale, with deferred payments to be evidenced by notes of the purchaser bearing 6% interest from date until paid, and waiving relief, providing for attorney's fees, and secured by mortgage on said real estate, and further ordered that said Tract No. 3 be sold subject to said mortgage lien in favor of Reserve Loan Life Insurance Company of Indianapolis, Indiana, and free and discharged of all other liens, if any. By said order said administrator was required to give four weeks' notice of the time, terms and place of said sale by publication in a public, daily newspaper of general circulation, printed and published in the City of Kokomo, Howard County, Indiana, and by posting written or printed notices thereof in at least five public places in said county, three of which were ordered posted in the township where said real estate was situated. By said decree it was provided that if enough of said real estate should not be sold at public auction on the day advertised for such sale, then said administrator was authorized to continue the sale of said real estate at public auction from day to day thereafter until so much thereof should be sold as might be neces-

sary to discharge the debts and liabilities of said estate. These petitioners further show to the court that said real estate was subject to no liens other than the lien of said mortgage and current taxes; that the widow's interest in said real estate was not liable to be sold for the payment of any lien, and was not ordered sold for the payment and satisfaction of any lien on said real estate. Petitioners further aver that no order óf sale was made by said court authorizing a sale by said administrator of the remainder of the widow's interest in said real estate. Petitioners further aver that thereafter said administrator gave notice that on the 20th day of August, 1934, at a time and place fixed in said notice, the said real estate would be offered for sale at public auction in accordance with the said order and decree of said court; that by the terms of said notice, it was stated that said real estate would be offered at public auction at the office of the Trust Officer and Secretary of said administrator, at two o'clock p. m. of said day, and that on said day, at the time and place fixed in said notice, no public sale of said real estate was held, nor attempted, nor was any such public auction held or attempted at any other time on said day, and at no time thereafter did said administrator hold or attempt to hold any public auction of said real estate, and that no public auction was continued from said day thereafter until any other day or days, and that, in fact, no public auction was begun on the day fixed in said notice; that thereafter, and on or about the 21st day of May, 1936, the administrator reported to said court, under oath, and in writing, and in purported compliance with its duty as a sworn officer of said court, that on the 20th day of August, 1934, being the time fixed in said notice for said sale, and at the place and on the terms in said notice set forth, said administrator

had offered said real estate hereinbefore described for sale at public auction, and had continued to offer the same for sale at public auction daily thereafter until the 13th day of May, 1936, at which time and at the place designated in said notice, and upon the terms in said notice set forth, it sold the said tract of real estate hereinabove described and numbered 2, at public auction, to Christ Bimbas, subject. to the approval of said court, for the sum of $10,699.10, that being the highest and best bid received therefor, and more than two-thirds of the appraised value thereof. Your petitioners further show that said Tract No. 2 was duly appraised by appraisers selected by said administrator, and said Tract No. 2 was so appraised at the sum of $14,000.00, and said appraisement duly filed in said court before the entering of said decree of sale, and that said real estate was in fact so reported as sold for $3,300.00, less than the appraised value thereof, and that said real estate was then and there of a value in excess of $14,000.00; that said administrator falsely and fraudulently so reported and represented to said court that said real estate had been sold at public auction; that in truth and in fact said real estate was not sold at public auction as ordered by said court, but was sold by said administrator at private sale, and was so sold in flagrant violation of the order of said court, and for less than the appraised value thereof, and that in truth and in fact said real estate was so sold for far less than its fair cash value; that said court relied on said report, believed the same to be true, and, relying thereon, was induced thereby to approve, and did approve said sale, and was induced thereby to order and did order a deed thereon to said Bimbas, and was induced thereby to approve and did approve said deed to said purchaser, when the said court would not have

done so had it been advised that said sale was so made at private sale and not at public auction; that said purchaser took and accepted said deed with both actual and constructive knowledge of all the facts hereinbefore alleged, and with knowledge that the said sale had been so falsely reported to the court, and of said fraud."

Similar allegations as to the proceedings had, culminating in the sale of other tracts of real estate to other appellees herein, are averred in appellants' petition, and knowledge on the part of all purchasers, and on the part of appellees Kokomo Realty Corporation and Kokomo Amusement Corporation, of the facts of the alleged fraudulent representations made to the court relative to the sale of the real estate involved, and of all facts in connection with said sale, is also alleged.

The petition further alleges "that each and all of said sales were void, and of no effect, for the reason that each and all of said tracts were sold for less than the appraised value of said real estate, as fixed and determined by the appraisement filed in said court, and that each or all of said tracts of real estate were sold for less than the actual value thereof; that Tract No. 3 at the time of the sale thereof was of a value of $50,000.00, and is yet of that value; that said sales of real estate, and each of them, were void and of no effect by reason of the fraud practiced on said court in reporting said sales as hereinabove alleged; that these petitioners had no actual knowledge of said frauds or either of them until long after said purported sales had been made and completed."

Other allegations contained in the petition need not be set forth, since such allegations are not necessary to consider in determining the questions presented by appellants' assignment of errors. The prayer of the petition was that the said sales of said real estate, and

each of them, be set aside and held for naught, and that the court decree such liens on said respective tracts in favor of said respective purchasers as will place them in status quo, and for all other proper relief in the premises.

No motion to require petitioners to make their petition more specific in any particular was filed, nor was there any motion to require petitioners to state the facts necessary to sustain the conclusions alleged. Under this state of the record the conclusions pleaded must be considered and held to be the allegations of facts, if necessary to the sufficiency of the petition. § 2-1005, Burns' 1933.

The petition herein by way of conclusions, and in legal effect, avers that each of the respective sales were void and of no effect; that the administrator falsely and fraudulently represented and reported to said court that it had offered and sold the real estate in question at public auction, in accordance with the order of the court, when in truth and in fact said real estate had never been offered for sale at public auction, but was offered and sold by the administrator at private sale for less than the appraised value, without any authority from the court to sell at private sale; that said false report was made for the purpose of inducing the court to act thereon, and that the court relied upon said report, and approved said sales and deed to the respective purchasers when it would not have done so but for such false report; that the purchasers had knowledge of the falsity of such report, and of the fraud alleged to have been practiced, and both actual and constructive knowledge of all the facts; that petitioners had no actual knowledge of the frauds or either of them until long after said purported sales had been made and completed.

An administrator may sell real estate belonging to his decedent at the time of his death, only after procuring an order from the court having jurisdiction to do so. The sale must be had in accordance with the order authorizing it, and not otherwise. If, as alleged to be true in the instant case, an administrator disregards the order made, and thereafter reports to the court that sale has been made in compliance with the order, thereby inducing the court to confirm said sale and approve deed to the purchaser at such unauthorized sale, such action on the part of the administrator would constitute a fraud in the procurement of the judgment sufficient to form the basis for setting aside any such sale and the judgment entered in connection therewith.

We conclude that the court erred in sustaining the demurrers to the petition.

Judgment reversed, with instructions to overrule each of the separate demurrers to the petition, and for further proceedings consistent with this opinion.

NOTE.—Reported in 29 N. E. (2d) 342.