HETZELL *v.* MORRISON ET AL.

[No. 17,285. Filed April 4, 1945.]

*Ramsey & Grayson,* of Vincinnes, for appellant.

*Samuel M. Emison* and *Horace A. Foncannon,* both of Vincennes, and *Carl M. Gray,* of Petersburg, for appellees.

DRAPER, C. J.—Joseph J. Morrison died in 1927 the owner of the real estate involved in this litigation. He left surviving him his widow, several children and the husband of a deceased child.

His widow, the appellant, Mima Morrison Hetzell, was appointed administratrix of his estate and in 1929 obtained an order to sell the undivided two-thirds of the real estate at public auction, for not less than two-thirds of the full appraised value thereof, to make assets for the payment of liabilities. The land was encumbered by a school fund mortgage in the sum of $1,000, and it was ordered sold subject to the lien thereof.

Proper notice was given and the real estate was "sold" in 1929. The sale was reported to the court as having been made for cash and it was approved by the court and a deed was executed and delivered to the purchaser. In 1932 the administratrix reported to the court that the purchaser had actually paid nothing for the land and petitioned the court to set aside and annul the deed, which petition was sustained and the court ordered the sale set aside and vacated.

Thereafter the appellant continued to operate the farm for her own use and benefit, paying no claims against the estate, but permitting taxes, levee assessments, mortgage interest and the like to accumulate against the land. On May 24, 1937, a petition to remove appellant as administratrix was filed by a creditor, following which, on June 21, 1937, she petitioned the court for authority to proceed with the sale of the real estate under the original order of sale. On the same day the court entered an order directing her so to do. On January 8, 1938, the administratrix executed her deed as such to the appellee, Robert C. Fields, for a stated

consideration of $3,318.27, and on the same day she executed her individual deed to said Fields conveying her interest as the widow. The administratrix' deed was made subject to the lien of the school fund mortgage but the appellee Fields executed no bond conditioned for the payment of the lien in accordance with § 6-1126, Burns' 1933. The execution of her deed as administratrix dated January 8, 1938, was never reported to or approved by the court.

More than four years later, on February 23, 1942, the administratrix filed another petition in the estate matter alleging the personal estate of the decedent was insufficient to pay debts. In said petition she recited some of the facts above set out and alleged the deeds dated January 8, 1938, were executed by her without knowledge that they were being made for the purposes of a sale, but under the pretense to her that they were for the purpose of securing a loan to the estate. She further alleged the sale of January 8, 1938, was not a public sale; that no notice thereof was given; that she received no consideration for the execution of the deeds and that the bond above mentioned had not been furnished. As parties defendant to this petition she joined herself and all other heirs as individuals, and also joined all others having or claiming any interest in the real estate. The issues were so framed that by her petition as administratrix she sought authority to again sell the real estate, subject to her rights as widow, to make assets to pay debts, and further sought to have the claims of all defendants including Fields in and to the land, adjudged invalid and of no force or effect. By a cross-complaint filed in her individual capacity she sought to quiet her own title to the undivided one-third of the real estate. By his cross-complaint the appellee Fields sought the ratification, confirmation and

approval of the sale of the land to him, and further sought to quiet his title thereto.

The court found against the appellant on her petition as administratrix of the estate and against her on her cross-complaint filed in her individual capacity. The court further found that none of the parties with the exception of Robert C. Fields had any interest whatever in the real estate, with the exception that the State of Indiana owned the school fund mortgage above mentioned, and further found the sale to the appellee Fields should be in all things ratified, approved and confirmed and the title of the appellee Fields in and to said real estate should be quieted against all parties, and judgment was entered accordingly. The evidence discloses that the sum of $3,318.27, the amount stated as the consideration for the appellant's deed as administratrix, was not paid to the appellant, but was used for the purpose of paying claims against the estate, costs of administration, levee assessments, mortgage interest and the like, and part of it was used to pay the individual indebtedness of the appellant.

The appellant administratrix filed her motion for new trial which was overruled, and that ruling is the only error assigned.

The appellant depends for reversal on the proposition that the sale to the appellee Fields was so irregular that it could not be validated by confirmation, but we do not consider that to be the real question involved in this case. The statute gives the administratrix the right, on order, to sell the decedent's real estate to satisfy the liabilities of the estate when the personal property is insufficient for that purpose. § 6-1111, Burns' 1933. The administratrix, as such, had no other rights in the real estate, for it descends directly to the heirs, or beneficiaries under a will, sub-

ject only to that right. *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015. To entitle her to appeal as administratrix it must appear that she has a substantial interest, as such, in the subject matter of the litigation and that she has been substantially predjudiced or aggrieved, as such, by the judgment from which she attempts to appeal. *Ansel* v. *Kyger* (1915), 60 Ind. App. 259, 110 N. E. 559. If there were no unpaid claims against the estate the right to sell the real estate did not exist, *Custer, Admr.* v. *Beyer* (1921), 76 Ind. App. 303, 130 N. E. 834, and so in this case, all claims against the estate and costs of administration having been paid, she had no interest in the real estate as administratrix and her last petition for leave to sell it was properly denied. It must be remembered that the appellant appeals only as administratrix and not as an individual and that none of the other parties have appealed, and so the judgment quieting the title against them and the appellant individually stands in full force and effect, and she and they are individually without any interest in the real estate.

The land was sold subject to the lien of the mortgage and the fact that Fields gave no bond to pay the lien off can not divest the lien nor affect its validity. *Massey* v. *Jerauld* (1885), 101 Ind. 270. His failure to furnish the bond is not shown to have injured anyone, and it therefore affords no present ground for complaint. *Sparrow* v. *Kelso* (1884), 92 Ind. 514.

If this judgment were to be reversed and a new sale ordered or permitted, no part of the proceeds of such sale could be devoted to the payment of claims for there are no unpaid claims, and no part of the proceeds could be paid over to the appellant in her individual capacity nor to any other heir, for it

has been finally adjudicated that none of them have any right or title to or interest in the involved real estate, and none have appealed from that judgment. The court will not reverse where such an order would be ineffective and not productive of any practical results. *Payne v. Peugh* (1913), 54 Ind. App. 551, 103 N. E. 117; *State ex rel. v. Indianapolis Gas Co.* (1904), 163 Ind. 48, 71 N. E. 139; *Ogborn v. City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869.

The case of *Case v. Deal* (1912), 177 Ind. 288, 98 N. E. 56, presents a situation not unlike the present and supports the views herein expressed.

The order heretofore entered denying appellee Fields' petition to dismiss this appeal is therefore vacated and said petition is now sustained and the appeal dismissed.

NOTE.—Reported in 60 N. E. (2d) 150.