STATE EX REL. ROBINSON ET UX *v.* BONIECKI,
JUSTICE OF THE PEACE.

[No. 28,088. Filed May 29, 1945.]

*Andrew J. Evans* and *George Panea,* both of Hammond, for appellants.

*Sachs & Efron,* of Hammond, for appellee.

STARR, J.—This is an action by the appellants to mandate the appellee to set aside a certain judgment rendered by appellee by default against the relators in favor of Saint Nicholas American Russian Orthodox Church for possession of certain real estate and damages for the wrongful detention thereof. Appellants base this action to set aside said default on § 5-905, Burns' 1933, claiming that said section is mandatory when the provisions thereof are complied with.

A motion has been filed by the appellee to dismiss the appeal wherein it is made to appear that since the submission of this case the following release and satisfaction of said default judgment, by authority of said Church, has been duly entered and attested on appellee's docket where the aforesaid judgment was entered:

"April 16, 1945—the above and within judgment and costs are hereby fully paid, released, and satisfied. Saint Nicholas American Russian Orthodox

Church by Sachs & Efron, its attorneys, by Frank
S. Efron—Attest: Stephen J. Boniecki, J. P."

Relators, by their counsel, have filed counter-affidavits
in opposition to said motion to dismiss, wherein it ap-
pears that they have not paid anything on said judg-
ment, but that, after paying the rent in full, they vacated
the premises involved in the default judgment, and that
said vacation was not in satisfaction of said judgment,
but was voluntary, because they had purchased a home.

From the foregoing uncontroverted facts, it is our
opinion that the question involved in this action has been
rendered moot. The relators have voluntarily
vacated the premises and the Church has satisfied
the judgment as fully as it could so satisfy the
same. This entry of satisfaction, even though there was
no money consideration for the same, is binding upon
the said Church. *Monnet* v. *Hemphill* (1886), 110 Ind.
299, 11 N. E. 230.

Under the circumstances the appeal should be
dismissed unless some question of general public in-
terest is involved. There is no such question
in this appeal. 132 A. L. R. 1185, note.
The appeal is dismissed.

Note.—Reported in 61 N. E. (2d) 176.