OHLFEST, ETC. *v.* ROSENBERG ET AL.

[No. 28,380.   Filed October 29, 1947.]

*Crumpacker & Friedrich, Jay Darlington,* all of Hammond, and *E. J. Ryan,* of Valparaiso, for appellants.

*James W. Chester, Crumpacker & Crumpacker,* all of Valparaiso, for appellees.

O'MALLEY, C. J.—The appellant is the administrator of an estate in Porter County, Indiana, that has been pending for a great number of years.

In October, 1944, the administrator made a report to the Superior Court of Porter County wherein he set forth that he had received a bid for a 40 acre tract of real estate which had been owned by his decedent.. In the report it was requested that the bid be accepted, and it was then stated that the administrator "now reports

the sale of said described real estate to the purchaser and for the sum of Thirty-five Hundred Dollars ($3500) and said administrator now respectfully asks that the Court may in all things approve and confirm said sale and order an administrator's deed to be executed and delivered to said purchaser and for all other and proper relief in the premises." (The purchaser above referred to is the appellee, I. D. Rosenberg, and the said Rosenberg is meant whenever the term appellee or purchaser is used.)

The court then made an entry wherein it found that the sale was made to the purchaser for the sum of $3500, which was the best price obtainable and more than the appraised value. Deed was then ordered, examined and approved. An abstract was prepared and submitted to the purchaser who in turn requested that the administrator make additional showings to the court in order to remove the faults pointed out by the examiner of the abstract.

The order for the sale of decedent's real estate, as made by the court, was to the effect that three weeks notice of the time, place and terms of the sale should be given; that the sale should be for cash or on terms of one-third cash, one-third in one year and one-third in two years; and that deferred payments should be evidenced by notes which in turn were to be secured by a mortgage on the real estate sold. The order did not authorize the administrator to give a merchantable abstract to a purchaser nor did it authorize a sale except for cash or on terms as set forth therein. The report of sale did not show what, if anything, had been paid by the bidder, although the bidder had in fact paid the sum of $500 when making the bid on September 12, 1944.

On October 25, 1944, an offer was made to the administrator for one-half of the real estate involved. This offer was in the sum of $3500, the same amount as the bid of the appellee for the whole tract. This money, or a check for that amount, was handed to the appellant with the bid. On the day following the one on which the second bid was received, the appellee demanded the deed which had been approved by the court and at that time offered the balance of the purchase price. Under such circumstances the appellant, as administrator, filed a verified showing setting up the facts and in that showing he requested advice and direction from the court. Thereupon the appellee likewise made a showing wherein he set forth that he had paid the sum of $500 on the 12th day of September, 1944, and had agreed, on that date, to pay the balance of the purchase price upon receiving a properly approved deed together with an abstract showing merchantable title. He also stated that he had demanded the deed on October 26, 1944, and had on said date offered to pay the balance of the purchase price.

The matter was submitted to the court on a stipulation of the facts set forth above and the court found that confirmation of the deed was a consummation of the sale to appellee; that the second bid was not to be considered; and that the deed should be delivered.

The holding of the court is questioned by the appellant on the ground that the sale was not consummated when the $500 payment was made; that no title passed when the deed was ordered and approved; and that the first sale should be set aside. On the other hand the appellee asserts that title had passed and that the second bid was irregular and void. It is further asserted that the appellant has no appealable interest.

Upon the presentation of the matter to the court it became its duty to determine whether or not the sale to appellee should be set aside.

In *Bell* v. *Shaffer* (1900), 154 Ind. 413, 422, 56 N. E. 217, 220, it was held that a court cannot go beyond its order of sale. It was also held that:

> "While applications for the sale of real estate are nominally adversary proceedings, they are, in fact, in most cases, *ex parte*, the administrator looking after, or being expected to look after, as well the interests of the widow and heirs as the rights of creditors."

In *Sipe* v. *Union Bank & Trust Co.* (1941), 108 Ind. App. 526, 535, 29 N. E. (2d) 342, 345, the Appellate Court had before it a petition to set aside a sale of real estate. The petition was filed by the heirs in the probate proceeding and the court there said:

> "The sale must be had in accordance with the order authorizing it, and not otherwise. If, as alleged to be true in the instant case, an administrator disregards the order made, and thereafter reports to the court that sale has been made in compliance with the order, thereby inducing the court to confirm said sale and approve deed to the purchaser at such unauthorized sale, such action on the part of the administrator would constitute a fraud in the procurement of the judgment sufficient to form the basis for setting aside any such sale and the judgment entered in connection therewith."

When the order of sale has not been followed and the sale is not in conformity therewith, the court should set the sale aside upon a proper showing of the facts. See Henry's Probate Law and Practice (5th ed.), Vol. 1, § 250, p. 284; *Hetzell* v. *Morrison* (1945), 115 Ind. App. 512, 60 N. E. (2d) 150.

In *Bryan* v. *Yoder* (1947), 225 Ind. 57, 71 N. E. (2d) 474, an appeal from a judgment and sale in a partition proceeding, it was held that a buyer does not have the right of possession until he receives the deed and that he is not entitled to a deed until he has paid or secured the purchase money. This case also held that the commissioner acts under the orders of the court in the light of the applicable statute, and that he is an arm or instrument of the court. The above holding has some bearing on the instant case, especially in regard to the necessity of complying with the orders of the court in making the sale. The undisputed facts in this cause show that there was no attempt to comply with the order of sale.

The court's decision was based on the erroneous conclusion that title passed with the approval of the deed regardless of the failure of the bidder to pay the purchase price in full. The condition attached to the bid, that the abstract must show a merchantable title, should have been considered in determining whether or not title passed.

Finally, it is asserted that the appellant had no appealable interest. In *Schumacher* v. *Adams County Circuit Court* (1947), 225 Ind. 200, 73 N. E. (2d) 689, this court recently held that the administrator is the representative of the heirs. In fact it is there held that an executor is a trustee for creditors and distributees.

In a proceeding to sell real property in an estate, the only issues are the ownership of the real estate and the indebtedness of the estate. It is true, under the statute, that the petition remains on the docket in active form until the sale has been made, but there is no issue left in which an heir is interested by reason of the petition to sell. It is the duty of the administrator to sell at the best possible

price and at least to that extent he is trustee for the heirs. Here there were claims shown unpaid to the extent of $3200. Taxes and the costs of administration were also unpaid. There is not and could not be any claim that the administrator is not a trustee for creditors in the estate here involved.

The case of *Ruch, Administrator* v. *Biery* (1887), 110 Ind. 444, 447, 11 N. E. 312, 314, involved a final report. Exceptions were filed to the report and after judgment the administrator appealed. It was contended that since it involved a matter of distribution the administrator had no interest in the outcome which authorized an appeal. This court held such position not tenable. The following language was used in that opinion:

"It was the duty of the administrator to appeal if there was reasonable ground to believe that the court had fallen into an error in its judgment and order of distribution."

It seems to us that in the instant case it was the duty of the administrator to secure the best obtainable price; that he was authorized to appeal from the decision of the lower court and that there was an abuse of discretion in ordering the delivery of the deed under the facts in the record.

The judgment is reversed with directions to the lower court that the motion for a new trial be sustained.

Starr, J., not participating.

NOTE.—Reported in 75 N. E. (2d) 147.