THALMAN ET AL. *v.* MONTGOMERY WARD & CO., INC.
JOHNSON *v.* MONTGOMERY WARD & CO., INC.

[Nos. 17,480 and 17,481. Filed September 28, 1950.]

*Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, and *Don P. Strode,* of Kokomo, for appellants.

*McClure & Shenk,* of Kokomo, and *George L. Dickson,* of Chicago, Illinois, for appellee.

ROYSE, C. J.—Because precisely the same question is presented in both of these cases, we have consolidated them. In each of these cases the appellants have filed their motion to dismiss the appeals herein and to tax the costs against appellee.

Their motion in each case is, in part, as follows:

"The remedy sought in this appeal was to obtain a judgment granting a new trial of the cause because of certain errors of law alleged to have been committed by the Howard Circuit Court at the trial thereof.

"Thereafter the appellants, who were plaintiffs below in said cause, discovered that the defendant (Appellee) had made certain false representations in connection with said trial. A separate complaint was then filed in the Howard Circuit Court seeking a new trial pursuant to the provisions of Section 2-2401, Burns' Indiana Revised Statutes of 1933. Issues were joined, the cause was submitted and tried, judgment therein was rendered in favor of the plaintiffs (appellants in this court), and judgment was rendered for said plaintiffs.

"Thereafter Montgomery Ward & Co. Incorporated (appellee herein) appealed to this, the Appellate Court of Indiana, which is Cause No. 17892, and sought to reverse said judgment because of errors alleged to have been committed by the trial court therein, but said cause was affirmed on June 29, 1950. No petition for rehearing has been filed by said appellee and no motion has been made to transfer the cause to the Supreme Court of Indiana.

"As said judgment of the Appellate Court of Indiana is final, a new trial will be had of the original case. Therefore, the issues involved in this appeal have become moot.

"The Howard Circuit Court, in the cause from which appeal No. 17892 was taken to this the Appellate Court of Indiana, held and adjudicated that the material allegations of the plaintiffs' complaint, seeking new trial, were true. That complaint alleged as grounds for new trial that the defendant, Montgomery Ward & Co. Incorporated, had falsely represented to the plaintiffs and to the court that various facts, detailed and described, were untrue when in fact the same were true; that, also, Montgomery Ward & Co. Incorporated, with sole and peculiar knowledge of the facts, had joined in the making of a false stipulation which was used in evidence. These actions of Montgomery Ward & Co. Incorporated were the sole cause of the court's judgment granting a new trial.

"As said new trial will have been caused solely by the action of the appellee herein, Montgomery Ward & Co. Incorporated, this cause should be dismissed at appellee's cost."

The appellee has not in this court controverted or opposed appellants' motion. We know from our records in the case of *Montgomery Ward & Co., Inc.* v. *Thalman et al.* (1950), 120 Ind. App. 473, 93 N. E. 2d 352, the material averments of this motion are true.

The questions presented by the appeals in these cases have become moot. The acts of appellee were responsible for this. Therefore it is only just and proper the

costs of these appeals should be paid by appellee. Sec. 2-3237, Burns' 1946 Replacement; *Ogborn* v. *City of New Castle et al.* (1912), 178 Ind. 161, 164, 98 N. E. 869.

The motion of appellants to dismiss the appeal in each of these cases and to tax costs against appellee is sustained.

Appeals dismissed. Costs vs. appellee.

NOTE.—Reported in 94 N. E. 2d 370.