MUNCHEL ET AL. *v.* CITY OF BATESVILLE ET AL.

[No. 19,591. Filed April 27, 1961.]

*McCarty & O'Connor,* of Brookville, *Murray, Mannon, Fairchild & Stewart* and *Samuel A. Fuller,* both of Indianapolis, for appellants.

*Paul V. Wycoff,* of Batesville, for appellees.

AX, C. J.—This is an appeal from a judgment dismissing a remonstrance filed in the lower court by the appellants against the annexation of certain territory to the appellee, City of Batesville, Indiana.

Ordinance No. 382, which is the basis of this action, was adopted on November 11, 1957. While this appeal was pending, said ordinance was repealed by the Common Council of the City of Batesville by Ordinance No. 416, adopted March 27, 1961.

On March 30, 1961, appellees filed their supplemental motion to dismiss this appeal, attaching to said motion a certified copy of the repealing ordinance, stating that under authority of *Vesenmeir et al.* v. *City of Aurora, etc.* (1953), 232 Ind. 628, 115 N. E. 2d 734, this action has become moot and should therefore be dismissed at the costs of the appellants.

Subsequently, on April 11, 1961, appellants filed herein their motion to dismiss this appeal by reason of the fact that by the action of the appellees in repealing the ordinance the question sought to be presented by this appeal, has become moot. With said motion, appellants urged that the appeal be dismissed at appellees' costs.

Following the authority of the *Vesenmeir* case, *supra*, cited by appellees, the motion to dismiss this appeal is proper because the real controversy involved in this appeal has been removed by the repeal of the ordinance, and the question here for that reason becomes moot. However, since the acts of the appellees pending this appeal were responsible for this, it is only just and proper that the costs of this appeal should be paid by appellees. See *Thalman et al.* v. *Montgomery Ward & Co., Inc.* (1950), 120 Ind. App. 532, 94 N. E. 2d 370, which followed the authority laid down in the case of *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869. See also §2-3237, Burns' 1946 Replacement, which provides against which party costs shall go and also provides that "in all other cases, costs shall be awarded as the court may deem right, following as nearly as possible, the general regulation for awarding costs."

The motion of the appellants to dismiss this appeal and to tax costs against the appellees is now sustained.

The appeal is dismissed at the costs of the appellees.

NOTE.—Reported in 174 N. E. 2d 344.