**Pauline MOSER, Administratrix of the Estate of George Moser, Deceased, Appellee,**

v.

**Francis BUSKIRK et al., Appellant.**

**No. 18858.**

United States Court of Appeals, Seventh Circuit.

Oct. 20, 1971.

**148**

Gerald A. Kamm, Bruce H. Stewart, Doran, Manion, Boynton & Kamm, South Bend, Ind., for defendant-appellant.

William E. Borror, Fort Wayne, Ind., Edgar A. Grimm, Auburn, Ind., Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind., for plaintiff-appellee and cross-defendant appellee.

Before SWYGERT, Chief Judge, and KILEY and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

The sudden emergence of a deer on U. S. Highway 6 about three miles west of Ligonier, Indiana, on October 25, 1968, precipitated a collision between two large tractor trailer units being driven in opposite directions, one by George Moser and the other by Francis Buskirk. Moser was killed, Buskirk seriously injured, and both units were damaged extensively.

In the litigation which ensued, Moser's estate, his widow, and the trailer owner contended that Buskirk was negligently driving on the wrong side of the road when the deer emerged; the adverse contention was advanced by Buskirk and his employer. Issue was joined in a series of pleadings asserting the specific claims of the members of the two contending groups.[1]  The crux of the entire controversy, however, was the question whether it was Moser or Buskirk who was negligent.

The jury returned a series of verdicts on the complaint, counterclaims and cross claims, which consistently and unambiguously found that Buskirk was negligent and Moser was not. Damages aggregating $101,649.24 were assessed against Buskirk and his employer, and judgment was entered on the verdicts.

■ After customary post-trial motions had been denied, settlement discussions resulted in an agreement on behalf of Buskirk to pay the principal amount of the judgment, plus costs of $518.47, but not to pay any interest.[2]  Three checks aggregating $102,167.71 were thereafter delivered to Moser's estate, his widow, and the owner of the trailer in exchange for a release and satisfaction of judgment duly executed by the three judgment creditors. The satisfaction was promptly filed of record.

■ During the litigation Buskirk had been represented by two different lawyers, one presumably retained by his employer's insurance carrier and pri-

---

1. Pauline Moser as administratrix of the estate of George Moser filed a complaint against Francis Buskirk and his employer. Buskirk filed a counterclaim against administratrix Moser and a cross complaint against American Transit Lines, Inc., decedent Moser's employer. Buskirk's employer filed a counterclaim against administratrix Moser and Pauline Moser individually. American Transit filed a cross complaint against Buskirk and his employer. Pauline Moser, individually, filed a counterclaim against Buskirk and his employer.

2. As a matter of Indiana law, plaintiff was entitled to interest on the personal

injury recovery from the date the verdict was rendered, Burns' Ind.Ann.Stat. §§ 19–12–102, IC 1971, 24–5–1–2 (formerly § 19–2002), Lake Erie & W. R. R. v. Huffman, 177 Ind. 126, 146–7, 97 N.E. 434, 440–41 (1912), and on the property damage recovery, apparently from the date of occurrence, New York Central R. R. v. Churchill, 140 Ind.App. 426, 434–6, 218 N.E.2d 372, 377–8 (1966); Independent Five & Ten Cent Stores v. Heller, 189 Ind. 554, 561, 127 N.E. 439, 441 (1920); see also Rauser v. LTV Electrosystems, Inc., 437 F.2d 800, 805–806 (7th Cir. 1971).

marily responsible for the defense of the original action, and the other, presumably retained by Buskirk individually, primarily responsible for the prosecution of Buskirk's counterclaim and cross claim. Both participated actively in the trial, but the post-judgment discussions appear to have been handled exclusively by the lawyer whose real client provided the $102,167.71.

After the funds and the satisfaction had been exchanged, the personal attorney for Buskirk filed a notice of appeal. He contends that certain evidence was improperly admitted and that his client should have a new trial on the issues raised by his counterclaim and cross claim. He does not seek reversal of the judgment in the main action and acknowledges that the release and satisfaction of that judgment in exchange for payment of less than the full amount due (interest having been waived) forecloses a total appeal.[3] He thus seeks a fresh opportunity to prove that Moser was negligent and, therefore, that Buskirk should prevail on his counterclaim and cross claim notwithstanding coun-

sel's recognition that a judgment predicated on contrary findings by the jury cannot now be impeached. We have concluded that this position is foreclosed by the doctrine of estoppel by judgment and that his appeal must be dismissed.

Under the court's instructions[4] the verdicts necessarily reflected a determination not only that Buskirk was negligent but also that Moser was free of negligence. We have carefully reviewed the pleadings, the pretrial statement of the parties' contentions, and the instructions to the jury and have concluded that each of the judgments rests on a finding by the jury that Moser's version of the collision was correct and Buskirk's was incorrect. The satisfied judgments necessarily rest on a jury finding (a) that Buskirk was negligent and (b) that Moser was not.

In any further litigation between the same parties, these factual issues may not be reopened as long as these judgments stand.[5] The doctrine of estoppel by judgment forecloses Buskirk's attempt to appeal from the dismissal of his counterclaim and cross claim when

---

3. Counsel for Buskirk concedes that he cannot now challenge the principal judgment. If he could do so, he would subject himself to the possibility of a larger recovery in a second trial. In view of his concession, we need not lengthen this opinion by discussing Indiana cases indicating that the concession was properly made. Monnet v. Hemphill, 110 Ind. 299, 11 N.E. 230 (1886); Board of Comm'rs of Clinton County v. Clark, 43 Ind.App. 499, 87 N.E. 1059 (1909); Hammond, Whiting & E. Chicago R. Co. v. Kaput, 61 Ind.App. 543, 110 N.E. 109 (1915); Bernard v. Kokomo Hotel Co., 92 Ind.App. 418, 176 N.E. 26 (1931); State ex rel. Robinson v. Boniecki, 223 Ind. 416, 61 N.E.2d 176 (1945); Board of Trustees v. Public Service Commission, 261 N.E.2d 373 (Ind.App.1970).

4. "Under the law, there is no such thing as 'comparative negligence' in situations of this kind; that is to say, if you should find that the plaintiff or other claimant and the defendant, by their negligence, each proximately contributed to the injury complained of, you must then find against such plaintiff or other claimant, as the case may be.

* * * * *

"[Y]ou must first find that such claimant has proved by a fair preponderance of the evidence that the one charged with negligence was in fact guilty of some act of negligence which proximately caused damages to the claimant and you must further find that the claimant was free from fault proximately contributing to his own injury and damages."

5. "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pacific R. R. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355.

**150**

he admittedly may not appeal from the satisfied judgments.

Buskirk has argued, in effect, that the insurance carrier, or its counsel, improvidently satisfied the judgments without his consent and that such conduct should not be permitted to defeat his personal counterclaim and cross claim. Neither in this court nor in the district court did he make any attempt to disavow the benefits of the payments made to his adversaries or to rescind the release and satisfaction which was obtained for his benefit. On the record before us we cannot appraise the possibility that an unidentified insurance carrier may have exceeded its authority under policy provisions we have not seen. We do not reach and have not considered any question relating to Buskirk's possible right to rescind the entire compromise in the district court before taking an appeal, or to any possible remedy he might assert against his insurance carrier or its counsel in some other forum, if, indeed, he was prejudiced by unauthorized and improvident action. We merely hold that the doctrine of estoppel by judgment requires this appeal to be dismissed.